UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JUANITA SINGLETON,

    Plaintiff,

    v.    Case No. 07-C-0705

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT (DOC. #18)

Plaintiff, Juanita Singleton, sought judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the denial of Disability Insurance Benefits and Supplemental Security Income by the Commissioner of Social Security. On September 30, 2009, this court ordered that the case be remanded to the Commissioner pursuant to sentence four of § 405(g). Now before the court is the plaintiff's motion for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).

The Commissioner opposes Singleton's request on the first ground only, arguing that his position was substantially justified. The Commissioner bears the burden of proving that the Commissioner's position was substantially justified rests on the

Commissioner. *Cunningham*, 440 F.3d at 864. His position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," that is, if it has "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The court looks at the government's position "in substance or in the main." *Id.* A loss on the merits does not automatically result in a finding that the government's position was not substantially justified. *See id.* at 569.

The Commissioner's position includes his position during litigation and his position during the administrative proceedings. *See* 28 U.S.C. § 2412(d)(1)(B), (2)(D). Further, the administrative law judge's decision is considered part of the Commissioner's prelitigation, administrative position. *Cunningham*, 440 F.3d at 863-64.

Here, the Commissioner argues that his position was substantially justified because the court agreed with him on two issues in the case: first, that the administrative law judge built an accurate and logical bridge from evidence to conclusion when she rejected one of Dr. Kauth's opinions, and second, that the court should not consider an opinion of Dr. Hasan because it was not in the record before the ALJ. The Commissioner also contends that the ALJ employed proper methodology; he characterizes the ALJ's failures as merely a failure to "connect all the dots in parts of her analysis." (Def.'s Resp. at 5.)

However, a review of this court's decision reflects that when the case is considered as a whole the Commissioner's position was not substantially justified. Though the court may have agreed with the Commissioner on the two points noted above (Decision and Order of 9/30/09 at 11, 13), they were minor when compared to the issues requiring reversal. This court found that the ALJ did not adequately comply with the Commissioner's

2

regulations governing the process for determining the severity of Singleton's mental impairments, failing to follow 20 C.F.R. § 404.1520a (Decision and Order of 9/30/09 at 9-10); did not sufficiently discuss the evidence of Singleton's mental impairments (*id.* at 10-11); improperly ignored treating physician Dr. Sethi's opinion regarding Singleton's mental impairments (*id.* at 12); improperly ignored treating physician Dr. Sethi's opinion regarding Singleton's absenteeism (*id.* at 13-14); mistakenly found that a reviewing doctor's testimony creating an inconsistency with a treating doctor's opinion (*id.* at 14); improperly found that Singleton could perform certain jobs that were precluded by her inability to use her hands for fine movement (*id.* at 16); contradicted herself by concluding that Singleton could perform the semi-skilled job of PBX operator after finding her able only to do unskilled work (*id.* at 16-17); and did not have sufficient evidentiary support for her finding that Singleton was able to stand/walk for one-and-one-half-hour segments (*id.* at 17).

This court is not merely totaling the Commissioner's losing arguments against the arguments he won. The ALJ's decision contained serious errors regarding the process for considering mental impairments and her consideration of treating physician evidence. Her decision included significant contradictions between her findings and the evidence. These errors and contradictions were far more than a mere failure of explanation or failure to connect the dots. The Commissioner's position administratively and his defense of the ALJ opinion in this litigation were not substantially justified.

A plaintiff bears the burden of proving the reasonableness of hours worked and the hourly rate claimed under the EAJA. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Singleton requests an award of $4552.06 for 26.6 hours of work at the rate of $172.13 per hour. Her counsel's affidavit provides an itemized

3

list of billing entries and his calculation of the EAJA rate adjusted for inflation.[1]  Here, the Commissioner does not challenge the amount of hours plaintiff's counsel claims to have worked or the hourly rate used by plaintiff's counsel.  Therefore,

    IT IS ORDERED that the plaintiff's motion for attorneys' fees under the Equal Access to Justice Act (Doc. #18) is granted in the total amount of $4552.06.

    IT IS FURTHER ORDERED that such fee is awarded to plaintiff's counsel, David G. Dreis, pursuant to Singleton's agreement so providing.

    IT IS ORDERED that plaintiff's motion for entry of judgment (Doc. #18) is denied as moot, as judgment was entered on September 30, 2009.

    Dated at Milwaukee, Wisconsin, this 13th day of July, 2010.

                                        BY THE COURT

                                        /s/ C. N. Clevert, Jr.
                                        C. N. CLEVERT, JR.
                                        CHIEF U. S. DISTRICT JUDGE

---

[1] Counsel's affidavit supports the 24.1 hours spent litigating the case on or before October 21, 2009.  In Singleton's reply brief counsel indicates that he spent another 2.5 hours reviewing the Commissioner's brief opposing the EAJA request, researching case law, and preparing the reply brief.  The court finds that such an amount of time was reasonable and will add it to the 24.1 hours requested initially.

4